PEOPLE, Respondent, v. GEO. LOOMIS et al., Appellants.

No. 934; July 17, 1866.

**Criminal Law—Reasonable Doubt.**—To be Satisfied Beyond all reasonable doubt, as under proper instructions of the court a jury must be in order to convict a defendant of crime, is not the same as to be entirely satisfied.

APPEAL from Alameda County.

Attorney General for respondent; Tyler, Cobb & Griffith for appellants.

SHAFTER, J.—The court, having instructed the jury that they must be satisfied from the evidence of the prisoner's guilt beyond all reasonable doubt before they could convict him, were requested by the defendant's counsel to further instruct the jury as follows: "A reasonable doubt is that state of mind of a reasonable man that would induce him to say that I am not entirely satisfied from the evidence that the defendant and no other or different person committed the offense; and if the jury have such doubt they will find the defendant not guilty."

According to this exposition a reasonable doubt and a lack of entire satisfaction are identical. Now the mind may be convinced not only to a moral certainty but to the highest degree of moral certainty, and yet not be, in the language of the instruction, "entirely satisfied." The instruction goes to the conclusion that the jury could not convict if they had any doubt. The instruction called not for moral certainty, but for that certainty which comes only of demonstration.

This is the only point made for the appellant requiring consideration.

Judgment affirmed.

We concur: Sanderson, J.; Rhodes, J.; Currey, C. J.; Sawyer, J.